**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LAURENCE M. FEDORA,<br>     Appellant, | DOCKET NUMBER<br>SF-0752-13-0433-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>     Agency. | DATE: August 15, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Laurence M. Fedora, Portland, Oregon, pro se.

Kirk C. Lusty, Esquire, Sandy, Utah, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed a Board appeal alleging that his retirement from the position of Mail Handler was involuntary. Initial Appeal File (IAF), Tab 1. After a hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 20, Initial Decision (ID) at 1, 15. The administrative judge determined that the appellant failed to establish that the agency took actions that made working conditions so intolerable that a reasonable person in his position would have felt he had no choice but to retire or that he was otherwise deprived of free choice. ID at 14. The appellant has filed a petition for review and the agency has submitted a response in opposition to the appellant's petition. Petition for Review (PFR) File, Tabs 3, 5-6.

¶3 As an initial matter, we note that the appellant submits for the first time on review numerous documents that substantially predate the close of the record below. *E.g.*, PFR File, Tab 3 at 18-42, 65-68, 74, 86-97, 104-19, 124, 156-60. The Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.114(b). We are not persuaded by the

appellant's contentions that "the rush of the judicial process and impossible deadlines made prior submission of material impossible," or that, "[w]ithout [d]iscovery and until the Initial Decision was issued, [he] did not know what material was relevant." PFR File, Tab 3 at 1. The administrative judge's acknowledgment order expressly advised the parties of the Board's procedures for engaging in discovery, and the deadlines set forth in that order are consistent with the Board's regulations at 5 C.F.R. §§ 1201.71-1201.85. IAF, Tab 2 at 5. Moreover, there is no indication that the appellant, who was represented by counsel below, sought an extension of time to engage in discovery. Under these circumstances, we find that the appellant has failed to demonstrate that these materials were unavailable despite his due diligence. Accordingly, we have not considered them on review.

¶4        The appellant also contends that the hearing process was "rushed," which burdened him and placed him at a distinct disadvantage. PFR File, Tab 3 at 3. For example, he complains that the administrative judge's May 30, 2013 hearing order only provided the parties 8 days to file their prehearing submissions. *Id.*; *see* IAF, Tab 9 at 1. The appellant also contends that the hearing itself was rushed so that his attorney did not have the opportunity to cross-examine a key witness and was not able to present a closing oral argument. PFR File, Tab 3 at 4-5. There is no indication, however, that the appellant's representative raised these objections below. His failure to do so precludes the appellant from doing so on petition for review.[2] *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988).

---

[2] On June 24, 2013, the appellant's representative filed a motion requesting that the hearing scheduled for June 26, be continued. IAF, Tab 15. The administrative judge denied the request, noting that the hearing had been scheduled a month earlier with both parties' consent and in accommodation of their schedules. IAF, Tab 16. The administrative judge also noted that the appellant did not object to the Order and Summary of Prehearing Conference despite being given a 7-day opportunity to do so, and that the appellant did not raise this issue during the prehearing conference. *Id.*; *see* IAF, Tab 14. To the extent that the appellant challenges the administrative judge's

¶5    The appellant bears the burden of proving by preponderant evidence that the matter he is appealing is within the Board's authority to review. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 11, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011); 5 C.F.R. § 1201.56(a)(2)(i). Generally, the Board lacks the authority to review an employee's decision to resign or retire, which is presumed to be a voluntary act. If an agency essentially coerced the employee's decision in a manner that deprived him freedom of choice, however, the Board has jurisdiction over the matter as a constructive removal. *Brown*, 115 M.S.P.R. 609, ¶ 9.

¶6    The doctrine of coercive involuntariness is a narrow one. *Id.*, ¶ 10. Thus, an employee must show that the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency. *Id.* The issue is whether, considering the totality of the circumstances, the employee's working conditions were made so difficult that a reasonable person in the employee's position would have felt compelled to resign or retire. *Id.*

¶7    On review, the appellant contends that "[t]here were two major forces compelling him to retire: 1) the threat of termination and loss of pension[; and] 2) the medical record, which was a source of discrimination and harassment causing [him] pain, injury and put[ting his] life at risk." PFR File, Tab 3 at 8. The administrative judge fully considered both of these contentions below and correctly determined that neither established that the appellant's retirement was coerced. ID at 11.

¶8    As to the appellant's contention that he resigned under the threat of termination, the fact that an employee is faced with the unpleasant choice of

---

ruling on review, we find that the administrative judge did not abuse her discretion and the appellant failed to demonstrate good cause for postponing the hearing. *See* 5 C.F.R. § 1201.51(c); *see also Bergstein v. U.S. Postal Service*, 28 M.S.P.R. 495, 497 (1985) (declining to find an abuse of discretion in the presiding official's scheduling of the hearing).

either retiring or opposing a potential adverse action does not rebut the presumed voluntariness of his ultimate choice of retirement. *See Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 12 (2008). An exception to this principle exists if the appellant shows that the agency knew or should have known that it would not prevail on a proposed adverse action because then the proposed action is coercive and the resulting retirement is involuntary. *Barthel v. Department of the Army*, 38 M.S.P.R. 245, 250-51 (1988).

¶9        Here, the appellant received a letter of warning which advised him that his unscheduled absences could result in discipline, up to and including removal. IAF, Tab 3, Exhibit 8. It is undisputed that the appellant testified that he knew that he would be removed because he knew that he would continue to be absent due to his medical conditions. ID at 13. There was no discipline pending, however, when the appellant retired. Instead of retiring based on his speculation that a removal action might occur in the future, the appellant clearly had an option of contesting an action he thought was invalid if and when it did occur. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009); *see also Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc) (a resignation is not involuntary if the employee had a choice of whether to resign or contest the validity of the agency action).

¶10       As to the appellant's claim that he was constructively discharged when he was subjected to intolerable working conditions by being forced to perform work outside of his known medical restrictions, the Board lacks jurisdiction over the appellant's claim of disability discrimination absent an otherwise appealable action. *Brown*, 115 M.S.P.R. 609, ¶ 16. Nevertheless, an agency's denial of a reasonable accommodation to an eligible employee is a factor to be considered in determining whether the agency coerced the appellant's resignation or retirement. *Id.*

¶11       Although the appellant claimed that the agency forced him to work "the Gross" and other tasks outside of his medical restrictions at least twice a week,

the administrative judge credited the testimony of the appellant's supervisor that the appellant did not perform such work because he consistently refused to do so. ID at 12. The administrative judge further found that the way the appellant was instructed to work the Gross—by choosing smaller packages, testing the weight of packages before lifting them, asking for help in lifting packages, and not lifting anything that would exceed his restrictions—did not violate the appellant's medical restrictions. ID at 12. The appellant's petition for review provides no basis for the Board to reweigh the evidence or disturb the administrative judge's credibility determinations. *Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002).

¶12 Under these circumstances, we agree with the administrative judge that the agency did not fail to reasonably accommodate the appellant's medical restrictions and that its actions in this regard did not coerce him to retire. Even if the appellant genuinely felt that he had no alternative but to retire, in part due to his medical conditions, he has failed to identify any coercive or improper act on the part of the agency that could have left a reasonable person in his position with no other choice but to retire. *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 26 (2007) (although an agency official may have caused the appellant apprehension and exacerbation of his medical ailments, he failed to establish that his working conditions were so intolerable that a reasonable person in his position would have felt compelled to retire). Furthermore, an employee is not guaranteed a stress-free working environment. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. *Id.*; *see Brown*, 115 M.S.P.R. 609, ¶ 15.

¶13 Nothing in the record suggests that the agency was attempting to force the appellant to make any type of decision concerning his employment, and his

decision to retire appears to have been entirely self-initiated. Accordingly, the administrative judge correctly dismissed this appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.